GEORGE N. HILL *vs.* MAYOR OF THE CITY OF BOSTON & another.

Suffolk.     December 11, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Veteran.   Civil Service.   Waiver.   Mandamus.   Laches.   Damages.*

Where a veteran, who is enrolled in the classified list of the public service and holds the office or employment of messenger in the printing department of a city, is notified in writing by the superintendent of printing that he is dismissed from the service of the city for the reason that the position filled by him no longer is necessary and should be abolished, and that he will be given a hearing at the mayor's office at a certain hour on a certain day, and the notice is received by the veteran at least seventy-two hours before the time fixed for the hearing, and he voluntarily attends and is accorded a fair hearing, he has waived the requirement of R. L. c. 19, § 23, that the notice of such a hearing shall be given by the mayor, and cannot rely on this omission to defeat the proceedings if otherwise valid.

Under R. L. c. 19, § 23, a veteran enrolled in the classified list of the public service and holding the office or employment of messenger in the printing department of a city is not removed lawfully, nor is his position abolished, if, after he has been heard in his own behalf before the mayor in accordance with the requirements of the statute, the mayor sends to the superintendent of printing this communication: " Your action in abolishing the position of messenger in the printing department is hereby approved," and the next day the superintendent sends to the veteran this notice: " The position of messenger which you are filling in this department has been abolished, and there will be no further need of your services," these communications not being equivalent to a written order signed by the mayor stating the cause for such abolition which is required by the statute after such a hearing.

On a petition for a writ of mandamus the question whether the petitioner so unreasonably has neglected to enforce his right that the court will deny him the remedy must depend upon the circumstances of each particular case.

At the trial of a petition, by a veteran enrolled in the classified list of the public service and holding the office or employment of messenger in the printing department of a city, for a writ of mandamus commanding the mayor and the superintendent of the printing department to recognize the petitioner as the messenger of that department and to place his name on the pay roll of the city as such messenger, it appeared that immediately after the plaintiff was notified orally of the abolition of his position and his discharge from employment he

retained counsel who thereafter acted for him, but that owing to poverty he could not furnish money to prosecute his case until two years after his discharge, when he brought an action of contract against the city for arrears of salary, and, this action having been terminated by the presiding judge ordering a verdict for the defendant, he thereupon brought his petition for the writ of mandamus. In that proceeding the justice who heard the case found as facts that the petitioner never abandoned his claim that he had been removed from office unlawfully, and that he was advised that his action for salary was the proper remedy to test this question. *Held*, that under the circumstances the delay of two years before bringing the action of contract could not be said to be such an acquiescence by him in his dismissal as to require the court to deny him the writ of mandamus.

On a petition by a veteran for a writ of mandamus addressed to the mayor and the superintendent of the printing department of a city, to compel the reinstatement of the petitioner as messenger of the printing department, from which two years before he had been removed unlawfully contrary to the provisions of R. L. c. 19, § 23, if the petitioner prevails and the writ is to issue, although under R. L. c. 192, § 5, the petitioner cannot recover arrears of salary or damages for his unlawful ouster, he can recover any damages which are shown to be the proximate result of the wrongful answer of the respondents, but in this case such damages would be only nominal, as upon restoration to his position as messenger the petitioner would become entitled to the accrued emoluments of the position during the entire period of his exclusion if found to have been able and willing to perform its duties.

PETITION, filed December 5, 1905, for a writ of mandamus addressed to the mayor and the superintendent of the printing department of the city of Boston commanding them to recognize the petitioner as the messenger of such printing department and to place his name upon the pay roll of the city as such messenger.

The case was heard by *Braley*, J., who reported it for determination by the full court as follows:

In this case, upon the evidence I find that on March 21, 1900, the petitioner, as a veteran of the civil war, was enrolled in the classified list of the public service of the Commonwealth under the provisions of R. L. c. 19, §§ 20–25. On December 21, 1901, one Monahan, then superintendent of printing for the city of Boston, made a requisition upon the civil service commissioners for the Commonwealth, requesting the certification of the petitioner as a veteran, to fill the office of messenger in the printing department at a salary of $13.50 per week, and on that date the petitioner was appointed a messenger in that department at the salary named, and entered upon the discharge of his duties. No other classification of the nature of the service that the peti-

tioner was to render appeared on the records of the commissioners. During the time that the petitioner performed this service no complaint was made that he was incompetent or unfaithful, or that he was not of good habits. Upon February 17, 1902, in consequence of information which the petitioner had received from the foreman in the department, he saw one Whalen, who, in 1902, had succeeded Monahan as superintendent, when this conversation took place: "Mr. Casey tells me I am suspended. I am a veteran and cannot be suspended in this way." Whalen replied, "I know you are a veteran. Come in and see me day after to-morrow." At the subsequent interview, the exact date of which did not appear, Whalen said to the petitioner, "I can do nothing for you"; to which the petitioner replied, "It is a finable offence to suspend me in this way," and Whalen then said, "Then I will abolish your office." On February 24, 1902, the petitioner wrote to the mayor of the city, in substance as follows: "Being a veteran and properly certified from the civil service commissioners I respectfully ask a redress of grievances caused by the action of superintendent Thomas A. Whalen of the printing department in removing my name from the position of messenger on Feb. 17th. . . . Sec. 23, Ch. 19 of the Rev. Laws is the statute that has been violated in this case." He received a reply from the mayor, dated February 26, 1902, acknowledging the letter, and stating that "the matter will receive my attention." On February 27, 1902, he was notified in writing by the superintendent, as follows: "You are to be dismissed from the service of the city for the reason that the place and position filled by you is no longer necessary, that it should be abolished, and your services are no longer required. If you are entitled to a hearing under the provisions of Sec. 23, Ch. 19 of Rev. Laws, you will be given such hearing at the Mayor's Office, Boston, at three o'clock P. M. March 3, 1902." This notice was received at least seventy-two hours before the time fixed for the hearing. At the time appointed the petitioner, accompanied by counsel, and the superintendent attended. I am satisfied that a hearing then took place at which the claim of the petitioner and the facts in connection with his case were presented. Whatever decision was reached by the mayor it was not communicated by him in any way to the petitioner, but on March 12, 1902, the

superintendent of printing received from the mayor this communication : " Your action in abolishing the position of messenger in the printing department is hereby approved," and on March 13, 1902, the petitioner received from Whalen this notice : " The position of messenger which you are filling in this department has been abolished, and there will be no further need of your services. By calling at the treasurer's office you can collect your salary up to the close of the business day." It did not appear that the mayor ever took any other or further action in connection with the matter. I further find that the petitioner, after he was orally notified of his suspension, retained counsel, who since has acted for him, but, owing to poverty, he could not furnish money to prosecute his case after the hearing before the mayor until some time in March, 1904, when an action was brought in the Municipal Court of the City of Boston to recover alleged arrears of salary. This action, on appeal to the Superior Court, was terminated by a verdict being ordered in favor of the defendant. Thereupon, under the advice of other counsel, the present petition, filed December 5, 1905, was seasonably brought. As a matter of fact I am satisfied that the petitioner never abandoned his claim that he had been unlawfully removed from office, and after putting his case in the hands of counsel expected him to go forward as soon as money for the meeting of necessary expenses had been received, and that he was advised that the proper remedy was to sue for " back salary," and that he understood that such an action could be brought at any time " when I got the means " and this time arrived " when his son got into a position where he had some money to advance," and thereupon the action for salary was brought.

At the request and by consent of the parties, the case, upon the pleadings and these findings, is reported to the full court. If the office held by the petitioner was abolished lawfully under R. L. c. 19, § 23, or if the petitioner has been guilty of such unreasonable delay as ought to bar relief by mandamus, the petition is to be dismissed ; otherwise, the writ is to issue, with such further order, if any, as the court may direct.

    *C. W. Bartlett & A. T. Smith,* (*S. F. Keyes* with them,) for the petitioner.

    *S. M. Child,* for the respondents.

BRALEY, J. Unless the office held by the petitioner was lawfully abolished, or he has been guilty of unreasonable delay, he is entitled to relief by mandamus. *Keough* v. *Aldermen of Holyoke*, 156 Mass. 403. *Ransom* v. *Mayor of Boston, ante,* 537. It was the purpose of R. L. c. 19, § 23, to protect a veteran holding office in the public service from capricious or arbitrary removal in whatever form the attempt might be made. If he becomes incapacitated, or his office or employment ceases to be necessary in the proper administration of the department with which he is connected, he can neither be removed nor his office abolished without first giving to him a statement of the reasons for the proposed change, and an opportunity for a full hearing. In cities this power is vested in the mayor before whom the hearing takes place, and the statement of reasons as well as the written notice must issue from the tribunal which alone is authorized to pass upon the inquiry. But a technical compliance with these requirements can be waived, and while the act of the superintendent in giving the notice and stating the reasons although presumably done with the knowledge and assent of the mayor did not comply with the statute, yet the petitioner was not misled, and having voluntarily attended with counsel, and been accorded a fair hearing, he cannot rely on this omission to defeat the proceedings if otherwise valid. *Streeter* v. *Worcester,* 177 Mass. 29, 31. The statute, however, is not satisfied, nor can there be a valid removal or abolition of the office unless after the hearing, if the decision is adverse, a written order reciting the cause or causes on which such action is founded has been signed by the mayor, whose action is final and not subject to review if as matter of law the reasons given are sufficient. *Ayers* v. *Hatch,* 175 Mass. 489, 492. *Hogan* v. *Collins,* 183 Mass. 43, 46. To him alone is given the power of decision, and this duty cannot be delegated. *Commonwealth* v. *Smith,* 141 Mass. 135, 140. At the completion of the hearing, if any decision was thereafter rendered, it was not communicated by the mayor to the petitioner, nor if a broad construction is given to his letter to the superintendent can this communication be construed as a written order abolishing the office with a specific statement of the reasons. Because of this failure to comply with the plain provisions of law the notice given by the superin-

tendent that the petitioner's office had ceased to exist was a nullity.

But the granting of the writ being discretionary the remedy is barred if the petitioner unreasonably neglected to enforce his right. *Waldron* v. *Lee*, 5 Pick. 323. *Hill* v. *County Commissioners*, 4 Gray, 414. *Murray* v. *Stevens*, 110 Mass. 95. *J. H. Wentworth Co.* v. *French*, 176 Mass. 442. *Streeter* v. *Worcester*, *ubi supra*. No precise definition can be formulated as to what is sufficient to constitute such want of diligence, but at law, upon a petition for mandamus, as well as upon a bill for equitable relief, this question must depend upon the circumstances of each particular case. *Snow* v. *Boston Blank Book Manuf. Co.* 153 Mass. 456, 458. *J. H. Wentworth Co.* v. *French*, *ubi supra*. *Hayward* v. *Eliot National Bank*, 96 U. S. 611. The mere lapse of time since the right of action accrued is important, but not absolutely decisive, although if the equitable claim is analogous to a legal right which is controlled by a statute of limitations equity will apply the same limit within which an action must be begun. *Broadway National Bank* v. *Baker*, 176 Mass. 294. *Sunter* v. *Sunter*, 190 Mass. 449, 456. In commencing and prosecuting an action at law which was inadequate to restore him to office the petitioner did not lose his present remedy because both were not concurrently instituted, for it is found by the report that there was no intentional waiver, nor abandonment of the claim that he had been unlawfully deposed. *Blake* v. *Traders' National Bank*, 145 Mass. 13, 17. *People* v. *State Treasurer*, 24 Mich. 468. He promptly engaged counsel and acted under their advice, and while his poverty alone might not relieve him from negligence, he was informed that a suit might be brought whenever he obtained the pecuniary means. *Hayward* v. *Eliot National Bank*, *ubi supra*. After the action at law was begun in which he was advised that the legality of the mayor's action could be determined, the petitioner has been diligent, and the delay of two years before bringing that action cannot under the circumstances be said to constitute such acquiescence by him in his dismissal as to require us to deny appropriate relief. *Pope* v. *Leonard*, 115 Mass. 286, 291. *Morse* v. *Hill*, 136 Mass. 60, 66. *Wood* v. *Westborough*, 140 Mass. 403. *Ransom* v. *Mayor of Boston*, *ubi supra*.

The petitioner also asks that damages may be assessed. In proceedings in mandamus at common law the return could not be traversed, and, if sufficient in law, judgment followed for the defendant, and the only remedy of the relator was an action on the case for making in fact a false return. *Howard* v. *Gage,* 6 Mass. 462. *Lunt* v. *Davison,* 104 Mass. 498. *Tucker* v. *Justices of Iredell County,* 13 Ired. 434, 46 N. C. 451, 459. This action however was abolished by the St. of 1852, c. 312, § 38; subsequently Gen. Sts. c. 145, § 13; Pub. Sts. c. 186, § 14; and upon the return to the alternative writ, if the material facts were denied by an answer and the issue maintained, damages were to be assessed, and judgment therefor entered in favor of the person "suing the writ." But this is only a substitution, and means that if the petitioner prevails he recovers such damages only as were recoverable in an action for a false return. The R. L. c. 192, § 5, made changes bringing the statute into harmony with the practice which under the St. of 1851, c. 233, § 50, had gradually been adopted by this court, and instead of the alternative writ and return an answer to the petition is substituted, and the proceedings simplified. The provisions as to the pleadings are in uniformity with other remedial processes at law, as the case is heard and decided upon the petition and answer, with such further pleadings, if any, as may be necessary. Report of Commissioners on Pub. Sts. c. 192 n. *McCarthy* v. *Street Commissioners,* 188 Mass. 338, 340.

In the present case the petition and answer fully cover the merits of the controversy, and while the respondents have been found unable to justify, the statute does not confer the right to recover arrears of salary, even if the petitioner had been their servant, or damages for his unlawful ouster, as this process does not lie to enforce a personal liability either in contract or tort for which other adequate remedies are provided. *Morse, petitioner,* 18 Pick. 443, 446, 447. *La Grange* v. *State Treasurer,* 24 Mich. 468, 476. Yet he can recover damages which are shown to be the proximate result of their wrongful answer, and the loss of salary during the period which has elapsed since the bringing of the petition, while not decisive, ordinarily could be considered in fixing a just measure of compensation. See *Johnson* v. *Walker,* 155 Mass. 253, 254; *People* v. *Supervisors*

*of Richmond,* 28 N. Y. 112; *People* v. *Musical Protective Union,* 118 N. Y. 101; *Marion Beneficial Society* v. *Commonwealth,* 31 Penn. St. 82; *Hibernia Fire Engine Co.* v. *Commonwealth,* 93 Penn. St. 204; *People* v. *Morton,* 24 App. Div. (N. Y.) 563. But upon restoration to office, since he becomes entitled to the accrued emoluments during the entire period if found to have been able and willing to perform its duties, he can recover only nominal damages in this proceeding. *Ransom* v. *Mayor of Boston, ante,* 537.

By the terms of the report these damages are to be assessed by a single justice, and judgment is to be entered for the amount with costs, and for a peremptory writ of mandamus restoring him to his office.

*So ordered.*