TIMOTHY J. O'BRIEN *vs.* JAMES W. CADOGAN & others.
MICHAEL J. MOYNIHAN *vs.* SAME.

Suffolk.    March 9, 1915. — April 1, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Lawrence. Police. Civil Service.*

A letter written and signed by the director of public safety of the city of Lawrence addressed to and served upon a sergeant of police of that city under authority of the provision of the city charter contained in St. 1911, c. 621, Part II, § 43, dated and delivered on January 5, 1914, and stating "I hereby notify you that I have reduced you in rank from sergeant to patrolman. . . . You will report for duty as patrolman . . . at 8 A. M. January 7th, 1914. This order will take effect January 7th, 1914," fairly may be construed to mean that the writer has decided on January 5 to reduce the rank of the officer and that the decision will take effect on January 7.

If a sergeant of police of the city of Lawrence, who is reduced to the rank of patrolman by the director of public safety of that city under authority of the provision of the city charter contained in St. 1911, c. 621, Part II, § 43, for the reason· stated in writing that there are too many sergeants on the police force, is entitled to a notice under the provisions of the civil service law contained in Sts. 1904, c. 314, § 2; 1906, c. 210, a notice of two· days is a reasonable one which can be·found to have afforded him ample time to ask for a public hearing.

Two PETITIONS, filed on April 11, 1914, each by a police officer of the city of Lawrence for a writ of mandamus addressed to the director of the department of public safety of that city and to its mayor and the members of its city council, commanding them to reinstate the petitioner as a sergeant of police.

The cases were consolidated and were submitted together to *Hammond,* J., upon an agreed statement of facts, including the facts that are stated in the opinion. The justice in each of the cases made a memorandum of decision as follows:

"I think there was a substantial compliance with the law, even if, as contended by the petitioner, the provisions of St. 1904, c. 314, § 2, are applicable.

"The notice was dated January 5, 1914, and served on the petitioner the same day, and the order of reduction was not to take effect until January 7, 1914. Notwithstanding the language 'I have reduced you' &c. I think under these circumstances the fair construction of the order is that the writer has decided to reduce the rank of the officer, and that that decision will take effect January 7.

"As an inference from the above, I find that if the officer desired a hearing he had ample time in which to ask for it before the order took effect."

The letters addressed to the two petitioners were identical except in the names of the respective petitioners. The one addressed to the petitioner O'Brien was as follows:

"City of Lawrence, Massachusetts, Police Department,
    City Marshal's Office.
                 Lawrence, Mass., January 5, 1914.

Mr. Timothy O'Brien,

Dear Sir: I hereby notify you that I have reduced you in rank from Sergeant to Patrolman for the reason that there are too many Sergeants now acting for the force employed and your services are not necessary.

You will report for duty as patrolman to Assistant Marshal Samuel C. Logan at 8 A. M. January 7th, 1914.

This order will take effect January 7th, 1914.
                 James W. Cadogan,
        Director of Department of Public Safety."

There was a return of a constable dated January 5, 1914, stating that at one o'clock P. M. on that day, he had served notice of the above letter on the petitioner O'Brien by giving him in hand the original. There was a similar return as to the service of the other letter.

The single justice was of opinion that the petitions should be dismissed, and so ordered. At the request of the petitioners he reported the cases for determination by the full court.

The cases were submitted on briefs.

*A. S. Apsey,* for the petitioners.

*D. J. Murphy,* for the respondents.

DE COURCY, J. The petitioner in each of these cases is a police officer of the city of Lawrence, and on January 5, 1914, had the rank and pay of sergeant, an office classified under the civil service rules of the Commonwealth. The respondent Cadogan (herein called the respondent) is an alderman of the city and director of public safety, having under his management the sub-department of police. The charter of the city of Lawrence (St. 1911, c. 621, Part II) provides in § 43 that: "The . . . director of public safety [and certain other directors of the city] . . . shall have the power to appoint, suspend or remove, subject to the provisions of section forty-four and the laws of the Commonwealth, any officer, officers, board or boards in their respective departments." Section 44 contains the following: "All removals from appointive offices shall be accompanied by a statement of the reason or reasons therefor under the signature of the director removing the officer or officers, and a copy of the statement shall be filed in the office of the city clerk." Assuming that these sections apply to cases where an officer is lowered in rank, as well as to cases of suspension and removal, admittedly the requirements of the charter were complied with by the respondent.

The main contention of the petitioners is that the attempted reduction in rank was invalid, because of the respondent's failure to notify them of his proposed action, in accordance with the requirements of the civil service law. Sts. 1904, c. 314, § 2; 1906, c. 210. As the single justice who heard the cases ordered that the petitions be dismissed, the only question before us on the report is whether the petitioners are entitled to a writ of mandamus as matter of law. The notice of which they complain was not liter-

ally and formally correct. We cannot say, however, that the single justice was not warranted in finding that "under these circumstances the fair construction of the order is that the writer has decided to reduce the rank of the officer, and that that decision will take effect January 7." The statutory requirement that the person sought to be lowered in rank shall be notified of the proposed action, and furnished with a copy of the reasons, is mainly for the purpose of enabling him to secure a public hearing if he desires one, and to answer charges where any are preferred against him. Here no charges were made against either petitioner. The reason assigned for his action by the respondent was that there were too many sergeants on the police force; and so far as appears the reason alleged was true, and was declared in good faith. If the petitioners desired to controvert this, it is found by the single justice that they had ample time in which to ask for a hearing before the order took effect. The statute does not prescribe the length of time for giving notice, and they were entitled to a reasonable notice under the circumstances. *McCarthy* v. *Commonwealth*, 204 Mass. 482, 485. In fact they never requested a public hearing, asked for no extension of time, and apparently took no action until April 11, when these petitions were filed.

As the report discloses no error of law, the decision of the single justice must be given effect; and in each case the petition must be dismissed. *Hodgdon* v. *Fuller*, 193 Mass. 331. *Andrews* v. *Mines Corp., Ltd.* 205 Mass. 121.

*So ordered.*