CHARLES E. TUCKER *vs.* CITY OF BOSTON.

Suffolk. March 8, 1916. — April 5, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Civil Service. Boston. Mandamus. Damages,* For breach of contract.

Under the provision of St. 1904, c. 314, § 2, as amended by St. 1905, c. 243, § 1, that a person holding office or employment in the classified civil service and sought to be removed "shall be notified of the proposed action . . . and shall, if he so requests in writing, be given a public hearing," the right and the opportunity to claim such a hearing is a condition precedent to removal.

Under St. 1913, c. 672, and St. 1904, c. 314, § 2, as amended by St. 1905, c. 243, § 1, one employed as cashier in the collecting department of the city of Boston cannot be removed from office by a letter from the collector notifying him that he is discharged at the close of business on the date of the letter and that, if requested, a hearing will be granted him within a month; and if such employee, upon receiving such a letter, without asking for any hearing ceases to perform the duties of cashier and attempts unsuccessfully to procure employment elsewhere, he may maintain an action of contract against the city for damages resulting from the breach by the city of the contract of employment, and he is not restricted to the remedy provided by St. 1908, c. 210, § 3, there called "a petition in the form of mandamus" to compel the restoration of his name to the pay-roll.

If at the trial of such an action it appears that at a certain time after his discharge from his employment the plaintiff became ill and physically unable to do the work which he had performed for the city, he is limited in his recovery to the amount of his salary from the date of his discharge to the date of such physical incapacity.

CONTRACT for $1,733.33 for services as cashier in the collecting department of the defendant, from which the plaintiff alleged that he was discharged illegally. Writ dated February 16, 1915.

In the Superior Court the case was heard by *Jenney,* J., without

a jury. The material facts found by him are stated in the opinion. The plaintiff requested the following rulings of law, which were refused by the judge:

"1. The letter of June 15, 1914, to the plaintiff by John J. Curley, city collector, constituted a discharge or removal before an opportunity for a public hearing as provided by statute.

"2. The plaintiff having been peremptorily removed or discharged before he was given an opportunity for a public hearing as provided by statute, the discharge was illegal.

"3. The discharge or removal being illegal and not in conformity to the statutes, the plaintiff is entitled to recover."

"6. The defendant has failed to sustain the burden of proof on the question of damages, and therefore the plaintiff is entitled to recover on his declaration for the amount claimed."

The judge found that, if the plaintiff was entitled to compensation to the commencement of the action, he was entitled to recover the amount claimed in his declaration; but that, if he was entitled to recover only until October 1, 1914, the amount of his recovery should be $758.33 and interest. He found for the defendant and reported the case for determination by this court.

*R. E. Buffum,* for the plaintiff.

*G. A. Flynn,* for the defendant.

CROSBY, J. The plaintiff for many years before June 15, 1914, had been employed by the defendant as cashier in its collecting department. On that date, he received from the collector of taxes of the defendant a letter of which the following is a copy:

"City of Boston.

(Seal)                    Collecting Department.

City Hall.                    June 13, 1914.

Charles E. Tucker,
    33 Garden Street,
        West Roxbury.

Dear Sir:

You are hereby notified that you are discharged from the services of the City as an employee of this department at the close of business on this date, in the interests of economy and to promote the efficiency of the department.

In compliance with the provisions of Chapter 314 of the Acts

of 1904, as amended by Chapter 243 of the Acts of 1905, a hearing will be granted you, if requested, by the City Collector at his office, City Hall, Boston, on or before 10 A.M., July 14, 1914.

Respectfully,

John J. Curley,
City Collector."

It was admitted that the plaintiff's employment was under the civil service laws of the Commonwealth by virtue of St. 1913, c. 672. Under St. 1904, c. 314, § 2, as amended by St. 1905, c. 243, § 1, the plaintiff was entitled before removal to notice under § 2, "of the proposed action and shall be furnished with a copy of the reasons required to be given by section one, and shall, if he so requests in writing, be given a public hearing, and be allowed to answer the charges preferred against him either personally or by counsel."

It was held by this court in *McCarthy* v. *Emerson*, 202 Mass. 352, 354, in a somewhat similar case, that "The right to a hearing, with notice of the charges, especially where, as here, the right to be represented at such hearing by counsel is especially secured, contemplates a proceeding in the nature of a judicial investigation, although it is one in which the attainment of substantial justice rather than the observance of any particular formalities is aimed at."

It is plain that the plaintiff has not had the opportunity for such a hearing as is contemplated by the statute.

When the statute provides that "The person sought to be re-removed . . . shall, if he so requests in writing, be given a public hearing," it is apparent that he cannot be removed unless and until he has had an opportunity to be heard, and that the right to such hearing is a condition precedent to such removal.

The letter from the tax collector to the plaintiff, in clear, unambiguous and emphatic language, states that he is discharged. We have no doubt that such an attempt to discharge was in clear violation of the civil service laws of the Commonwealth, and cannot be upheld by this court. *Ransom* v. *Boston*, 196 Mass. 248. *Garvey* v. *Lowell*, 199 Mass. 47. *McCarthy* v. *Emerson*, 202 Mass. 352.

This conclusion is not affected by the finding of the judge that

the city collector did not act in bad faith in undertaking to secure the removal of the plaintiff.

It follows that the plaintiff's first, second and third requests should have been given. The fourth request was given, while the fifth and sixth were expressly waived by the plaintiff at the argument before this court.

The defendant contends that the plaintiff's remedy, if he has any, is under St. 1908, c. 210, § 3, but this contention cannot be sustained. It does not appear that the plaintiff's name has been illegally removed from the pay-roll or that the Civil Service Commission has refused to certify such pay-roll. The plaintiff, in this action, seeks to recover not his salary as such, but a judgment for breach of his contract of employment.

The question remains, What amount is the plaintiff entitled to recover? The judge found that "the plaintiff used due diligence to secure other employment down to some time in the September following but did not succeed in obtaining any employment. Since October 1, 1914, because of ill health he has not been physically able to do the work which he performed for the city of Boston prior to June 15, 1914, or to perform other work reasonably adapted to his abilities."

In order that the plaintiff may be entitled to recover for the whole time down to the bringing of his action, we think it must appear that during all that time he was ready, able and willing to perform his duties and render the services for which he was employed. As it is found that by reason of ill health he was unable to do the work after October 1, 1914, which he had performed for the defendant before June 15, 1914, there is no doubt that the defendant is absolved from liability after the date of such inability of the plaintiff. *O'Connor* v. *Briggs,* 182 Mass. 387. *Harrison* v. *Conlan,* 10 Allen, 85.

In accordance with the terms of the report, judgment is to be entered for the plaintiff for $758.33 and interest from the date of the writ.

*So ordered.*