ROBERT J. THOMAS *vs.* MUNICIPAL COUNCIL OF THE CITY OF LOWELL.

EDWARD H. FOYE *vs.* SAME.

ANDREW G. STILES *vs.* SAME.

Suffolk.     March 14, 1917. — May 25, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, & CARROLL, JJ.

*Lowell.     Civil Service.     Mandamus.     Words,* "Measure."

The provision of the charter of the city of Lowell, St. 1911, c. 645, § 40, giving to the municipal council power "under the laws regulating the civil service to suspend or remove any executive or administrative officer or head of a sub-department it has the power to appoint, for such cause as it shall deem sufficient," requires that in such suspension or removal the council shall comply with St. 1904, c. 314, as amended by St. 1905, c. 243.

Consequently an attempt by the municipal council of Lowell to remove such an administrative officer without notifying him, as required by St. 1904, c. 314, § 2, of the proposed action and furnishing him with a copy of the reasons alleged to constitute the "just cause," which under § 1 must be the basis for removal, and giving him a public hearing if he requests it in writing and an opportunity to answer the charge against him either personally or by counsel, is of no effect, and on a petition by the officer a writ of mandamus may be issued in the discretion of the court ordering his reinstatement.

The giving, to the officer proposed to be removed, of the notice above described and of the opportunity to be heard are conditions precedent to a valid removal, and therefore the fact, that, after the passage by the municipal council of Lowell of an order of removal of such an administrative officer, the officer knew of it and remained in office until the expiration of ten days without demanding a hearing, does not render the removal valid.

The word "measure" in § 28 of the charter of the city of Lowell, St. 1911, c. 645, requiring that when the municipal council shall pass any measure, such measure, with a specified exception, shall take effect at the expiration of ten days from

its passage, does not include an order for the removal of an administrative officer under § 40 of the charter.

In this case the order for removal was held not to have been intended to be a proposal of action, but to be final action, it appearing that other persons, immediately upon the passage of the orders, were elected to fill the vacancies thus attempted to be created.

The remedy given by St. 1911, c. 624, as amended by St. 1915, c. 251, to persons occupying offices classified under the civil service, who wrongfully have been removed therefrom, through a petition for reinstatement in a police, district or municipal court, is not applicable and does not furnish adequate remedy to administrative officers appointed under §§ 37, 39 of the charter of the city of Lowell, St. 1911, c. 645, upon an illegal attempt by the municipal council to remove them under § 40 without complying with the civil service rules; and therefore such officers may maintain petitions for writs of mandamus ordering their reinstatement.

PETITIONS, filed in the Supreme Judicial Court, the first and second on January 17 and the third on January 19, 1917, against the mayor and four aldermen who, by St. 1911, c. 645, § 1, constitute the municipal council of Lowell, in whom are vested the government of the city and the general management and control of all its affairs, seeking writs of mandamus directing a reinstatement of the petitioners in their respective offices of superintendent of waterworks, purchasing agent, and treasurer and collector of taxes.

The cases were heard together, upon the petitions and answers and upon an agreement of the counsel for the parties as to certain facts, by *Pierce*, J. The material facts are stated in the opinion. The single justice ordered the issuance in each case of a peremptory writ of mandamus reinstating the petitioner therein and, at the request of the respondents, reported the cases for determination by the full court.

*W. D. Regan,* for the respondents.

*S. E. Qua,* (*F. W. Qua* with him,) for the petitioners.

CROSBY, J. These are three petitions for writs of mandamus, brought against the mayor and all the other four members of the municipal council of the city of Lowell, for the purpose of securing the reinstatement of the petitioners in their respective offices as superintendent of waterworks, purchasing agent, and treasurer and collector of taxes, of that city. The petitions were heard upon the pleadings and agreement of the parties by a single justice, who made certain rulings, ordered that a writ should issue in each case as prayed for, and reported the cases to this court.

By virtue of St. 1911, c. 645, the charter of the city of Lowell was amended. As amended it is known as the "new charter," and provides for a commission form of municipal government. Section 37 provides for certain administrative officers therein described (among others a superintendent of waterworks, a purchasing agent and a treasurer and collector of taxes) and defines their duties; section 39 provides that the municipal council shall have power to elect the administrative officers named in § 37 "and all other executive and administrative officers and boards and heads of sub-departments heretofore known or designated as heads of departments, now appointed or chosen by the mayor." Section 40 is as follows: "The municipal council shall have the power under the laws regulating the civil service to suspend or remove any executive or administrative officer or head of a sub-department it has the power to appoint, for such cause as it shall deem sufficient. The municipal council shall set forth in the order of suspension or removal its reasons therefor; provided, that nothing contained in this section shall apply to any of the following special departments, namely, school committee, license commission, or the trustees of the public library."

In January, 1917, the municipal council by a majority vote adopted three orders, which orders severally purported to remove the petitioners from their respective offices, and afterwards other persons were declared by the municipal council to be elected thereto.

The provisions of the laws regulating the civil service, referred to in § 40 of the new charter relating to the suspension or removal of persons in the public service and classified under the civil service laws of the Commonwealth, are found in St. 1904, c. 314, as amended by St. 1905, c. 243. This statute (§ 1) declares that no person shall be so removed without his consent except "for just cause and for reasons specifically given in writing." Under the act (§ 2) the person sought to be removed shall be notified of the proposed action and furnished with a copy of the reasons which it is claimed constitute "just cause" for such removal; and he is entitled to be given a public hearing, if he so requests in writing, and is allowed to answer the charges against him either personally or by counsel.

If St. 1904, c. 314, applies to the removal of the petitioners, then

it is plain that its provisions have not been complied with. The authority of the municipal council of Lowell to suspend or remove the petitioners "under the laws regulating the civil service" given in § 40 of the new charter, undoubtedly means that such removal or suspension is to be accomplished in the manner provided by St. 1904, c. 314, as amended by St. 1905, c. 243, and not otherwise. The words "under the laws regulating the civil service" do not admit of any other reasonable interpretation. *Tucker* v. *Boston,* 223 Mass. 478. The petitioners were not notified of the proposed action of the municipal council nor were they furnished with a copy of the reasons for their removal, as required by the statute above referred to. It follows that the orders adopted by the municipal council were a nullity and were wholly ineffectual as an attempt to remove the petitioners from their respective offices.

The contention of the respondents that the petitioners knew of the removals on the days when the several orders were passed and remained in their respective offices until the expiration of ten days thereafter without demanding a hearing, was notice of the removals and a substantial compliance with the statute, cannot be sustained. As was stated in *Tucker* v. `Boston, ubi supra,* the notice to be given and the opportunity to be heard are conditions precedent to such removal.

The orders of removal were written upon a printed form, commonly used in the municipal council and upon which was printed the following:

"Ten days having elapsed since the passage of this order, I hereby certify that the same has not been repealed or amended and is in full force and effect.

.  .  .  .  .  .  .  .  .  .  .  .  .  .

City Clerk."

It is the contention of the respondents that the orders adopted were orders relating to "proposed action" of the council, that the removals did not become effective until the expiration of ten days from the date of adoption, and that therefore there was a substantial compliance with the statute. The blank form above referred to apparently is the form used for the passage of measures under § 28 of the charter. That the orders in question were not intended as "proposed action" of the council but were under-

stood as final action in accomplishing such removals, would seem to be apparent from the fact that other persons were, upon the passage of the orders, immediately elected to fill the vacancies. The word "measure" as used in § 28 does not include an order of removal. It is plain that that section does not apply to a proceeding for the removal of officers under the provisions of § 40.

Ordinarily where full and adequate relief may be had by resorting to some other remedy, mandamus will not lie. Accordingly it has been held that if a person is wrongfully removed from an office classified under the civil service rules of the Commonwealth, and is entitled to bring a petition for reinstatement in a police, district or municipal court, in conformity with the provisions of St. 1911, c. 624, as amended by St. 1915, c. 251, he cannot maintain a petition for mandamus in the absence of facts to show that the remedy given by the statute is not adequate. *Butler* v. *Directors of the Port of Boston*, 222 Mass. 5.

The remedy given by St. 1911, c. 624, as amended by St. 1915, c. 251, does not apply to the cases at bar. Although the removal of the officers mentioned under § 39 of the charter must be made (under § 40) in conformity with the procedure established for the removal of officials under the civil service rules, still the officers in question are not strictly classified under those rules; besides, we are of opinion that the remedy provided by St. 1911, c. 624, would not be adequate in the cases at bar.

*Writs to issue as prayed for.*