ANDREW G. STILES *vs.* MUNICIPAL COUNCIL OF THE CITY OF LOWELL.

EDWARD H. FOYE *vs.* SAME.

Suffolk.   December 5, 1917. — January 5, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, & PIERCE, JJ.

*Lowell. Civil Service. Municipal Corporations,* Removal of officers. *Mandamus. Practice, Civil,* Conduct of trial, Election.

Under the provision of the city charter of Lowell contained in St. 1911, c. 645, § 40, the treasurer and collecter of taxes of that city can be removed from office by the municipal council only in the manner provided in the civil service law contained in St. 1904, c. 314, as amended by St. 1905, c. 243.

A statement contained in a vote of the municipal council of Lowell purporting to remove the treasurer and collector of taxes of that city, that "After due consideration of the testimony adduced at the hearing, and the exhibits, it appears that [the person in question] failed to exercise proper diligence in discharging the functions of his office. Therefore, we find such failure and neglect of duty is contrary to the good of the service," does not supply the want of a compliance with the provisions of the civil service law, where no notice of the proposed action ever was given and no copy was furnished to the person sought to be removed of any writing stating specifically the reasons of removal and no opportunity was afforded him to prepare and present his defence as required by St. 1904, c. 314, St. 1905, c. 243.

The same is true in regard to a like vote passed under like circumstances purporting to remove the purchasing agent of Lowell.

In the case last mentioned it was *pointed out* that a letter of the city solicitor to the petitioner's counsel advising him of the nature of the evidence to be introduced at the hearing did not cure the failure to comply with the provisions of the statute, which requires specifications not from the city solicitor but from the municipal council.

At the hearing by a single justice upon a petition for a writ of mandamus addressed to the municipal council of a city commanding the members of that council to reinstate the petitioner as an officer of the city, where the respondents have filed a plea in abatement and also have demurred to the petition and likewise have filed an answer, it is within the discretionary power of the single justice to order the respondents to elect whether they will proceed on the plea in abatement or on the demurrer or on the answer.

Two PETITIONS, filed on June 25, 1917, for writs of mandamus addressed to the municipal council of Lowell commanding the members of that council to reinstate the petitioners respectively

as the treasurer and collector of taxes and as the purchasing agent of that city.

The respondents filed a plea in abatement and also a demurrer to each of the petitions, each plea stating that the demurrer was not waived and each demurrer stating that the plea was not waived. The respondents also filed an answer to each of the petitions, in each answer "not waiving their demurrer or plea in abatement heretofore filed."

The cases were heard together by *Carroll*, J. He ordered the respondents to elect whether they would proceed on their pleas in abatement, their demurrers or their answers, and also gave the respondents an opportunity to amend their pleadings, but no amendment was requested nor was made. The respondents elected to be heard on their answers, subject to their exceptions to the order of the single justice.

The essential facts that appeared at the hearing are stated in the opinion. The single justice ordered as matter of law that peremptory writs of mandamus should issue as prayed for and at the request of the parties reported all questions of law in the cases for determination by the full court.

*S. E. Qua*, (*F. W. Qua* with him,) for the petitioners.

*W. D. Regan*, for the respondents.

Braley, J. It was held in *Thomas* v. *Municipal Council of Lowell*, 227 Mass. 116, that the words, "under the laws regulating the civil service" as used in St. 1911, c. 645, § 40, which is the city charter, mean that the removal or suspension "for such cause as it shall deem sufficient" of "any executive or administrative officer or head of a sub-department" the municipal council had the power to appoint, must be effected in the manner provided in St. 1904, c. 314, as amended by St. 1905, c. 243. The validity of the removal by the respondents of the petitioner Stiles from his office of city treasurer and collector of taxes, and of the petitioner Foye as purchasing agent for the city, which offices the council under St. 1911, c. 645, §§ 37, 39, had the power to fill, is therefore to be determined under the laws governing the civil service.

The material portion of the vote of the council removing the treasurer reads as follows, "After due consideration of the testimony adduced at the hearing, and the exhibits, it appears that

Andrew G. Stiles failed to exercise proper diligence in discharging the functions of his office. Therefore, we find that such failure and neglect of duty is contrary to the good of the service." But as the record shows that no notice of the proposed action ever was given, or copy furnished the petitioner stating specifically the reasons of removal, or a reasonable opportunity afforded him to prepare and present his defence as required by St. 1904, c. 314, St. 1905, c. 243, the order cannot be sustained. It is a nullity. *Hill* v. *Mayor of Boston,* 193 Mass. 569, 573. *Lattime* v. *Hunt,* 196 Mass. 261, 266. *McCarthy* v. *Emerson,* 202 Mass. 352. *Tucker* v. *Boston,* 223 Mass. 478. *Thomas* v. *Municipal Council of Lowell,* 227 Mass. 116.

What has been said applies equally to the removal of the petitioner Foye, as no specifications of the reasons upon which the respondents proposed to take action appear in the order notifying him of the hearing. The statement in the order, that the council proposed to remove him from the office of purchasing agent for the good of the service, is not a compliance with St. 1904, c. 314, §§ 1, 2, as amended. Nor did the letter of the city solicitor to the petitioner's counsel advising him of the nature of the evidence to be introduced at the hearing cure this radical defect. It is the municipal council, and not the city solicitor which is to furnish proper specifications, and this duty cannot be evaded or lawfully delegated. The final order also having stated that the petitioner is removed "for the good of the service" was ineffectual for reasons previously stated. The cases of *Ayers* v. *Hatch,* 175 Mass. 489, *Hogan* v. *Collins,* 183, Mass. 43, and *O'Brien* v. *Cadogan,* 220 Mass. 578, on which the respondents rely as stating a different rule, are very plainly distinguishable. In the first two cases the officials removed were not classified under the civil service and the special acts under which action was taken did not require the reasons to be "specifically given in writing" as in the cases at bar, while in the last case no question was raised that the order demoting the petitioner from the rank of sergeant to the rank of patrolman because "there are too many sergeants now acting for the force employed and your services are not necessary" was insufficient, as it certainly was not.

The order of the single justice that the respondents should elect whether they would proceed on the plea in abatement or on the

demurrer or the answer, was a matter of discretion, the exercise of which shows no error of law. R. L. c. 192, § 5. *Finlay* v. *Boston,* 196 Mass. 267. *Hill* v. *Mayor of Boston,* 193 Mass. 569, 575. *Sears* v. *Nahant,* 208 Mass. 208.

A peremptory writ of mandamus as prayed for is to issue in each case, commanding the respondents to recognize each petitioner as holding the office to which he is entitled, and ordering that the person who claims to hold such office under an unauthorized election by the respondents shall cease and refrain from interfering in any way with the petitioner in the performance of the duties of his office or attempting to perform or usurp the duties appertaining to such office. *Hill* v. *Mayor of Boston,* 193 Mass. 569, 575.

*So ordered.*