EDUARDO RIVERA EGOZCUE, Petitioner and Appellant, *v.* DR. ANTONIO FERNÓS ISERN, COMMISSIONER OF HEALTH, substituted by DR. JUAN A. PONS, Respondent and Appellant.

No. 9312. Argued December 10, 1946.—Decided February 14, 1947.

*Rafael A. González* for appellant. *Luis Negrón Fernández, Acting Attorney General,* and *J. Rivera Barreras, Assistant Attorney General,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Eduardo Rivera Egozcue held, until December 14, 1942, the position of carpenter, within the Classified Civil Service Commission, in the Insular Sanatorium, which position had been created by the Commissioner of Health within the special budget of the Trust Fund of the Lottery of Puerto Rico assigned to the Insular Sanatorium. This position was abolished by the Commissioner on the aforesaid date. On the ground that he had been wrongfully discharged, Rivera brought a mandamus proceeding against the Commissioner of Health in the District Court of San Juan on June 8, 1944, in order to be reinstated in his position.

After the case was heard on the merits, the lower court realized that the petition did not allege that the petitioner had requested the Commissioner to reinstate him in his position and it suspended the hearing and granted leave to the petitioner to file an amended petition. The latter was filed and the respondent answered it. Thereafter the parties stipulated to submit the case on the evidence already introduced and, in addition, petitioner filed a copy of the letter which he sent the Commissioner of Health on April 26, 1944, seeking to be reinstated and a letter from the Commissioner refusing to reinstate him because he had abolished the position. The respondent filed a written opposition to the admission of these letters and alleged that the petitioner was guilty of laches, as revealed by the date of the letter. The petitioner did not answer the respondent's objection.

The lower court, without making any special pronouncement as to whether or not the letters were admissible in evidence, as a matter of fact admitted them, for it refers to them in its opinion and, based on the petitioner's demand made on the Commissioner of Health in April 1944, it reached the conclusion that the petitioner had in effect been guilty of laches and decided the case as follows:

". . . Plaintiff was removed on December 14, 1942. Thereafter he took no steps to be reinstated in his position. It was not until April 26, 1944, that for the first time he addressed the defendant asserting his rights. He remained inactive, idle, for more than 16 months. The respondent was using another person, Lanzó, to do petitioner's work during all that time. The latter not only seeks now that he be appointed to do henceforth the carpenter's work at the Insular Sanatorium, but he also claims the salaries paid to Lanzó. In view of the attendant circumstances, we are of the opinion that this constitutes laches. No explanation has been given to us for the unreasonable delay. We copy from *Montes v. Domenech. Treasurer*, 48 P.R.R. 262:

" 'Moreover, although, as we have said, some of the essential grounds set up by the defendants in opposition to the issuance of the writ cannot be taken into consideration since the case did not go to

trial, it appears from the petition itself that the petitioner resorted to the courts too late for his right to the extraordinary writ of mandamus sought to be recognized. If there was no prior suit at all, then it appears that he permitted about two years to elapse, from August 1930, on which he ceased in the discharge of his office, to May 23, 1932, when he filed his petition, and if the time is reckoned from the date of the approval of Act No. 40 of 1931, that is, April 24, 1931, or the date on which it became effective, July 1, 1931, more than one year would have elapsed in the first case, and more than ten months in the second.'

"See also *Urdaz* v. *Padín, Commissioner*, 48 P.R.R. 297, *State ex rel. Ball* v. *Knoxville*, 145 A.L.R. 762. and footnote."

The petitioner appealed, and he urges that the trial court "erred in denying the petition for mandamus in this case on the ground, solely and exclusively, that the petitioner-appellant was negligent in asserting his rights, that is, that petitioner was guilty of laches."

██ Appellant contends that "Without giving an opportunity to petitioner-appellant to explain why he did not resort to the court, the Court decided that . . . he was guilty of laches merely because it appears from the record that he was separated from his employment on December 15, 1942, and sought the reinstatement in his position on April 26, 1944. . . ." and that "he should have been given an opportunity to justify his delay . . . ."

Appellant is wrong. He had an ample opportunity to explain his delay. As we have said, a trial was held and it was towards the end that the question was raised as to the failure to allege in the petition that petitioner had made demands on the respondent to be reinstated and the court, in the exercise of its discretion, granted leave to the petitioner to file an amended petition. Thereafter it was petitioner himself who, by stipulation with the respondent, submitted the case with the additional evidence of the aforesaid letters. Appellant cannot complain now of his own actions. If he believed that he should or could have explained his

delay of one year and four months before seeking to be reinstated in his position, he should have presented the proper evidence at the trial and should not have submitted the case, as he did, insofar as the letters are concerned, on the stipulation signed by the respondent. He knew of respondent's objection to the admission of the letters and that the question of laches had been raised, but failed to allege anything to the contrary.

In *Urdaz* v. *Padín, supra,* the lower court refused to issue a writ of mandamus because it appeared from the petition that petitioner had allowed three years to elapse before filing his petition and upon affirming the judgment, we stated:

" . . Thus petitioner had ample opportunity to explain, either in the amended petition or by supporting affidavits, her long delay. In view of the fact, which appeared with reasonable certainty although not expressly averred by petitioner, that the position which she once held had been filled by the appointment of another teacher, the district judge was justified, we think, in finding that the delay was unreasonable and that the application for relief by mandamus came too late."

In the case at bar both the petition and the evidence showed that the respondent was using another person to do appellant's work, althoug not in the same position, and appellant seeks not only that he be reinstated in his position, but also that he should be reimbursed everything that was paid to this third person.

Lastly, appellant maintains that, since mandamus is a remedy at law, the equitable doctrine of laches may not be applied to these cases. Again he is wrong. The case cited shows that it is applicable.[1] The reason is, as stated in *U. S.* v. *Dern,* 289 U. S. 352, 359, that "Although the remedy by mandamus is at law, its allowance is controlled by equitable principles (citing authorities), and it may be refused for reasons comparable to those which would lead a court of equity, in the exercise of a sound discretion, to withhold its protection of an undoubted legal right. . . . "

---

[1] Cf. *Serrano* v. *Talavera,* 65 P.R.R. 411.

As to applying the doctrine of laches in cases like the one at bar, the general rule is set forth in the annotation in 145 A.L.R. 767–8, as follows:

"It is well settled that however unjust and unwarranted the removal, suspension, or transfer of a public employee may be, his right to reinstatement may be lost by acquiescence in the removal, or by laches or unreasonable delay in demanding reinstatement or asserting his rights in legal proceedings, the principle underlying all the decisions being based on consideration of public policy, to the end that if such person is successful in his action the public service may be disturbed as little as possible, and that two salaries may not be paid for but one service."

See also *Hill* v. *Boston* (1907), 193 Mass. 669, 79 N. E. 825; *Kenneally* v. *Chicago* (1906), 220 Ill. 485, 77 N. E. 155, and *Brown* v. *State Personnel Bd.* (1941), 43 Cal. App. (2d) 70, 110 P. (2d) 497.

In our opinion, the trial court did not err in deciding that petitioner was guilty of laches in allowing sixteen months to elapse before demanding his reinstatement and eighteen months before resorting to the court, and, consequently, the judgment appealed from is affirmed.

Mr. Justice Snyder did not participate herein.