## J. H. WENTWORTH COMPANY *vs.* GEORGE E. FRENCH
### & others.

Middlesex.     March 22, 1900. — June 21, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Mandamus — Matter of Discretion — Certificate of Shares held as Collateral — Assignment of Equitable Interest in Shares.*

The form of the stock certificate is conclusive as to the name in which a vote must be offered.

In Pub. Sts. c. 105, § 25, providing that the name of the "pledger" of stock held as collateral security shall be set forth in the certificate, and that he shall be responsible as stockholder, "pledger" means the general owner of the stock at the date when the certificate is issued.

When the statute is complied with, the "pledger" is entitled to vote.

A certificate of stock running to A., but stating on its face that it is held as collateral for the note of B. for $10,000, issued after B. has sold his rights to C., does not satisfy Pub. Sts. c. 105, § 25. Under such a certificate A. is the stockholder and entitled to vote.

It appearing that the equities were against the party having the legal right to vote and claiming an office by virtue of his exercise of the right, a writ of mandamus was refused.

PETITION for a writ of mandamus, declaring that at the annual meeting of the stockholders of the plaintiff company, held on January 10, 1900, Benjamin Dickerman, George W. Dickerman, and Charles W. Boynton were duly elected directors, and Benjamin Dickerman treasurer and clerk, and commanding George E. French, Claude T. Deaderick, and Arthur E. Wakeling to deliver to Dickerman, clerk and treasurer, all the books, papers, cash, and other property belonging to the corporation respectively held by them.     Hearing before *Knowlton,* J., who reserved the case on the pleadings and an agreed statement of facts for the consideration of the full court.     The facts appear in the opinion.

*E. A. Whitman,* for the petitioner.

*J. C. Ivy,* for the respondents, submitted the case on a brief.

HOLMES, C. J.     This is a petition for a writ of mandamus declaring that Benjamin Dickerman, George W. Dickerman, and Charles W. Boynton are the duly elected directors, and that Benjamin Dickerman is the duly elected treasurer and clerk, of the petitioning corporation.     Benjamin Dickerman is the holder

of a certificate for one hundred shares of stock in the company, which states on its face that it is "held as collateral for the note of James H. Wentworth for $10,000, dated April 8, 1898." There has been no breach of the conditions of the pledge. If Benjamin Dickerman had the right to vote on these shares, then the persons named have been elected directors, treasurer and clerk, and, subject to certain questions to be dealt with, a peremptory writ ought to issue, as in *American Railway-Frog Co.* v. *Haven*, 101 Mass. 398; otherwise the petition should be dismissed.

The corporation has to go by its record in determining the right to vote, and therefore, if a certificate of stock shows a certain person to be a member, the corporation must recognize him as member, with the right to vote as an incident to his membership. *Crease* v. *Babcock*, 10 Met. 525, 546. *National Bank* v. *Case*, 99 U. S. 628, 631. *Adderly* v. *Storm*, 6 Hill, 624, 627. *Franklin Bank* v. *Commercial Bank*, 36 Ohio St. 350, 355. *Magruder* v. *Colston*, 44 Md. 349, 356. *Commonwealth* v. *Dalzell*, 152 Penn. St. 217, 223. If the certificate holder is a pledgee, it may be that before breach the pledgor will be recognized in equity as the general owner for the purpose of voting as for other purposes. But in such cases the result has been worked out by compelling the holder to give a proxy to the pledgor, and thus the conclusiveness of the record for corporate purposes has been left unimpaired. *Vowell* v. *Thompson*, 3 Cranch C. C. 428. *Hoppin* v. *Buffum*, 9 R. I. 513, 518.

The provision in Pub. Sts. c. 105, § 25, by which a certificate of stock issued as a pledge or the like shall express the fact and the name of the pledgor "who alone shall be responsible as a stockholder," goes back through Gen. Sts. c. 68, § 13, to St. 1838, c. 98, § 3, and, it would seem, may have been suggested by the case of *Crease* v. *Babcock*, as the bill in that case was brought in 1837. When the requirements of that section are complied with, the form of the certificate allows the pledgor to be recognized as the member of the corporation for the purpose of voting as well as for the purpose of fixing responsibility, and under such circumstances the general understanding is that he is the proper person to vote. The statute in a different way reaches the result which equity reached by compelling the pledgee to give a proxy.

But the general rule remains that, as against a corporation of

which the stock is outstanding in the hands of third persons, no one has a right to vote except in the name of some one recorded as a member.    In the case at bar the statute was not complied with.    The certificate, to be sure, shows that Dickerman holds the stock as collateral security, but it does not show the name of the general owner; it simply states that the stock is collateral for the note of J. H. Wentworth.    If it should be suggested that the language conveys by inference that J. H. Wentworth was the pledgor, the answer is that while in a literal sense that is the fact, it is not true that when the certificate was issued Wentworth remained the owner, because before that date Wentworth had sold the stock to French.*    By " pledger " the statute plainly means the general owner of the stock at the date when the certificate is issued.

Upon a certificate in the form before us the choice lies between admitting the legal right of Dickerman to vote and disfranchising the stock.    If there are equities in favor of French, they do not entitle him to vote in his own name until he gets his name upon the certificate.    In this proceeding we must take the certificate as we find it.    We see no sufficient reason for saying that the certificate discloses no member of the corporation, and therefore are driven to the conclusion that Dickerman is the member and technically has a member's right.    Whether he also has a member's responsibilities it is not necessary to decide.    In view of the peculiar wording of our statute the reasoning of *Burgess* v. *Seligman*, 107 U. S. 20, although pertinent, is not conclusive.    See *Holyoke Bank* v. *Burnham*, 11 Cush. 183, 187 ; *Barre National Bank* v. *Hingham Manuf. Co.* 127 Mass. 563, 571.

It will be understood that we go wholly on the form of the certificate and not at all upon the fact that Dickerman got his

---

* The shares were issued to Dickerman as collateral on December 5, 1899, and the agreed facts recite that on July 14, 1898, " Wentworth sold to George E. French, for a fair present consideration, . . . all his interest in the capital stock of said corporation, of which ninety-seven shares were transferred to French and one share to Charles W. Boynton, a nominee of French, on the books of the corporation and new certificates issued therefor; and at said time Wentworth assigned to French his equity in the one hundred shares of stock held by Dickerman, and a memorandum of this assignment was noted on the stub of the certificate book recording the issue to Wentworth and the pledge thereof to Dickerman, who knew of this sale and transfers and assignment and made no objection thereto."

title by a transfer of a certificate indorsed in blank with no express agreement as to the right to vote, and after the passage of St. 1884, c. 229.

But although we think that a technical case is made out for Dickerman for the reasons which we have given, we nevertheless are of opinion that the writ ought not to issue. The certificate before us was issued in consequence of a decree upon a bill brought by Dickerman, in which Dickerman claimed the right to vote and set that up as one of the grounds for his demand to have a certificate issued in his name. French, who was one of the defendants, admitted his right to have a certificate issued to him in a form showing that the stock was held as collateral security. The decree required that the certificate should express upon its face that the shares were " held as collateral for the note of James H. Wentworth for $10,000, dated April 8, 1898." This, although it does not quite say so, must have meant that the plaintiff was to have a certificate in the form provided for by Pub. Sts. c. 105, § 25, and that the general owner of the stock was to have the rights incident to his position. On the facts this seems to be the proper conclusion. If so, the writ ought not to issue. It is true that we cannot fully adjust the equities of the parties in this proceeding, but we may take them into account in the exercise of the discretion which we properly may use in issuing or refusing the writ. *Waldron* v. *Lee*, 5 Pick. 323, 329. 13 Encyc. of Pl. & Pr. 498, 499.

*Petition dismissed.*