LINDSLEY LORING & others *vs.* INHABITANTS OF WESTWOOD.

Norfolk.    January 18, 19, 1921. — March 3, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Municipal Corporations,* By-laws and ordinances.

A by-law of a town, providing, "No grant (a sum of money) exceeding $300 shall be made until the subject matter thereof has been considered, and estimates reported to the town, either by the Selectmen, School Committee, Engineers of the Fire Department, or other town officers, or by some Committee chosen for that purpose, in pursuance of a vote of the town" is not a mere rule of parliamentary procedure.

A by-law of a town cannot be overridden at a town meeting at the behest of a majority of the voters present where there is no article in the warrant for the meeting giving notice that a consideration of such action is to be brought before the meeting.

A vote by a town, having the by-law above quoted, authorizing its board of engineers to purchase a certain chemical engine at a cost of $2,000, is invalid if the only action under the by-law upon the subject matter contained in the warrant which was the basis of the vote was consideration by a committee constituted by the by-laws with the duties, in substance, to inform themselves concerning matters in the warrant for all meetings and to report in print before the meetings "their estimates and recommendations for the action of the town," and a report by that committee merely recommending indefinite postponement of that article in the warrant and containing no estimate whatever.

BILL IN EQUITY, filed in the Superior Court on June 12, 1918, by ten taxable inhabitants of the town of Westwood against the town, its treasurer, its selectmen and board of fire engineers, to enjoin the carrying out of a vote of the town at a special meeting to appropriate $2,000 for the purchase of a certain chemical engine.

The suit was heard by *Hammond,* J. Material evidence and findings of the judge are described in the opinion. He ruled that Rule 4 of the by-laws of the town, quoted in the opinion, was not complied with before the passing of the vote, adjudged the ap-

propriation invalid and ordered a decree for the plaintiffs. The defendant alleged exceptions.

*E. C. Jenney,* for the defendant.

*A. B. Comstock,* for the plaintiffs.

BRALEY, J. The plaintiffs, while admitting that the special town meeting of May 27, 1918, was duly called, and the vote, "That the Board of Engineers be authorized to purchase the chemical engine now standing outside this hall, at a cost of $2,000, $1,000 to be taken from the treasury and $1,000 to be raised by taxation this year," is in accordance with the first article of the warrant, contend, that the appropriation is invalid for failure to comply with certain precedent conditions prescribed by the town by-laws. It is provided by Rule 4 for the government of town meetings that, "No grant (a sum of money) exceeding $300 shall be made until the subject matter thereof has been considered, and estimates reported to the town, either by the Selectmen, School Committee, Engineers of the Fire Department, or other town officers, or by some Committee chosen for that purpose, in pursuance of a vote of the town." While its validity is not questioned, *Sinclair* v. *Mayor of Fall River,* 198 Mass. 248, it is contended by the defendant on the authority of *Bennett* v. *New Bedford,* 110 Mass. 433, and *Holt* v. *City Council of Somerville,* 127 Mass. 408, that, being in the nature of a rule of parlimentary procedure governing the routine of business, and the town meeting being a deliberative body with power to enact constitutional by-laws, it could modify, vary or set aside the by-law at will. The by-law however is more than a mere rule of parliamentary procedure. It is a protective measure designed to safeguard the financial interests of taxpayers and of the town, and that money shall not be expended, where the amount exceeds the stated minimum, until after due consideration of the subject matter by the persons named, and an appropriation therefor is deemed by them advisable. See Pub. Sts. c. 27, § 15; R. L. c. 25, § 23; St. 1910, c. 130, § 1; St. 1913, c. 719, § 20.

But, apart from prudential reasons, the deliberations of a town meeting are confined to the articles in the warrant, and a by-law, which within the township has the force of law, cannot be overridden at the behest of a majority of the voters present, in the absence of an article in the warrant under which such action can be

taken. *Commonwealth* v. *Plaisted,* 148 Mass. 375, 382, 383. *Blackburn* v. *Walpole,* 9 Pick. 97. *Little* v. *Merrill,* 10 Pick. 543. *Torrey* v. *Millbury,* 21 Pick. 64, 75. *Rand* v. *Wilder,* 11 Cush. 294. It is conceded by the defendant that the only report before the meeting was made by the warrant committee which, without submitting any estimate of the cost, recommended that the article for the purchase of the engine "be indefinitely postponed." The duties and powers of this committee are defined in §§ 12, 13 of the by-laws as follows:

"Sec. 12. It shall be the duty of the warrant committee to inform themselves concerning those affairs and interests of the town, the subject-matter of which is generally included in the warrants for its town meetings; and the officers of the town shall, upon their request, furnish them with facts, figures, and any other information pertaining to their several departments; provided, however, that any such information may be withheld when, in the opinion of the officer or board of officers so requested, the communication thereof might injuriously affect the interests of the town or its citizens."

"Sec. 13. The Warrant Committee shall consider the various articles in the warrants for all the town meetings held during the period for which they were appointed, including the various articles in the warrant for the annual town meeting next after their appointment; and they shall report in print before all such town meetings their estimates and recommendations for the action of the town."

But the question, whether authority was conferred upon this committee to consider and report upon the advisability of purchasing the engine need not be decided. The town could not lawfully appropriate the amount required without an estimate, and, no estimate having been reported by any of the officers named in the by-law, or by any committee whatever, the presiding judge properly denied the defendant's requests, and correctly held that the vote was invalid. The proposed expenditure being illegal, the plaintiffs, ten taxable inhabitants of the town, can maintain the bill under R. L. c. 25, § 100, and the decree for injunctive relief was rightly ordered. R. L. c. 25, § 100. *Freeland* v. *Hastings,* 10 Allen, 570, 590. *Copeland* v. *Huntington,* 99 Mass. 525, 529. *Mead* v. *Acton,* 139 Mass. 341. *Prince* v. *Crocker,* 166 Mass. 347, 358.

*Exceptions overruled.*