GEORGE H. YOUNG & others *vs.* TOWN OF WESTPORT & others.

Bristol.     March 7, 1939. — April 11, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Municipal Corporations,* By-laws and ordinances, Town meeting, Finance committee.

A by-law of a town, adopted pursuant to G. L. (Ter. Ed.) c. 39, § 16, in substance constituting a finance committee to consider and report, "after giving one or more public hearings thereon," as to any article in a warrant for a town meeting concerning appropriation or expenditure of money or disposal of town property, was merely directory to the

committee as to the holding of a public hearing; and the mere fact that the committee failed to hold such a hearing did not render invalid a vote of the town making an appropriation.

PETITION, filed in the Superior Court on September 28, 1938, and afterwards amended.

Hearings were by *Hanify*, J. The petitioners appealed from an interlocutory decree sustaining a demurrer, and from a final decree dismissing the petition "after an interlocutory decree sustaining the demurrer."

The case was submitted on briefs.

*G. H. Young*, for the petitioners.

*A. E. Seagrave*, for the respondents.

RONAN, J. This petition in equity, brought under G. L. (Ter. Ed.) c. 40, § 53, by certain taxpayers of the town of Westport, seeks to restrain the expenditure of money, under a vote taken on August 15, 1938, at a special town meeting, for the purpose of securing a site and constructing a municipal office building, because the matter was not properly before the town meeting by reason of the failure of the finance committee to hold a public hearing on the proposed expenditure as is required by a by-law of the town. The petitioners appealed from an interlocutory decree sustaining a demurrer and from a final decree dismissing the petition.

The warrant for the special meeting contained an article relative to the raising of funds for the proposed building and another article concerning an offer by the United States to grant to the town a certain percentage of the cost of said building. The meeting was called for no other purposes. The town, since 1929, has had a finance committee, by virtue of what is now G. L. (Ter. Ed.) c. 39, § 16. The by-law providing for the creation and maintenance of such committee, in so far as material, reads as follows: "Whenever the warrant for any town meeting contains an article or articles under which an appropriation or expenditure of money or the disposal of any property of the town may be made, the finance committee shall consider said articles after giving one or more public hearings thereon and shall report its recommendations to the town meeting." The

single contention made by the petitioners is that the town could not make an appropriation because the finance committee did not grant any public hearing. It is not contended that this committee did not consider the matter, or that it did not make a report to the town. We have no right to examine the statement of agreed facts contained in the record as we are concerned only with the sufficiency of the allegations in the petition, which is a question of pleading and not of evidence. *Pond* v. *Simpson*, 251 Mass. 325. *Montgomery* v. *Richards*, 275 Mass. 553, 555. *Security Co-operative Bank* v. *McMahon*, 294 Mass. 399.

The statute, G. L. (Ter. Ed.) c. 39, § 16, required towns having a valuation over a certain amount, and authorized all other towns, to provide by a by-law "for the appointment and duties of appropriation, advisory or finance committees, who shall consider any or all municipal questions for the purpose of making reports or recommendations to the town." The by-law in question did not empower the committee to pass upon all municipal questions but limited the scope of its activities to articles appearing in the warrants for town meetings "under which an appropriation or expenditure of money or the disposal of any property of the town may be made." The enabling statute makes no provision for the holding of public hearings by the committee. We need not consider whether such hearings are merely incidental to the proper functioning of the committee and so included within the terms of the statute, because the respondents do not challenge the validity of the by-law.

The purpose of the by-law was to enable the citizen to ascertain the nature of and necessity for the contemplated expenditure of the funds of the town; to secure the aid and assistance of a report of a committee, which had studied and investigated the matter, and so permit him to vote intelligently when the article should come before the town meeting. The report of the committee would also tend to prevent hasty and ill-advised action upon the part of the voters. The committee, however, acted only in an advisory capacity. The citizens were not required to accept its

report or to adopt its recommendations. They could entirely ignore the report or heed such parts as merited their respect and consideration. In participating in the town meeting they were not restricted or limited by the conduct of the committee. Furthermore, the matters for consideration were properly before the meeting by virtue of the warrant, and the failure of the committee through inadvertence or inability to hold a public hearing did not prevent the voters from deciding the articles contained in the warrant. The instant by-law in form and in substance was directory to the finance committee and was not mandatory upon the town. The omission of a public hearing by the finance committee did not invalidate the action taken at the town meeting. *Bennett* v. *New Bedford,* 110 Mass. 433. *Holt* v. *City Council of Somerville,* 127 Mass. 408. *Chandler* v. *Lawrence,* 128 Mass. 213. *Sinclair* v. *Mayor of Fall River,* 198 Mass. 248. *Choate* v. *Sharon,* 259 Mass. 478. *Wilson* v. *Brouder,* 291 Mass. 389. *Coleman* v. *Louison,* 296 Mass. 210. *Groton & Stonington Traction Co.* v. *Groton,* 115 Conn. 151. Doubtless, the town could have enacted a by-law that would have prevented any action being considered in a town meeting, unless and until some committee had considered the matter or had reported in favor of the measure or had furnished the town with an estimate of the cost. Such action would be a condition precedent to action by the town meeting. A by-law or order expressly prohibiting an appropriation except upon compliance with certain conditions has the force of law. *Loring* v. *Westwood,* 238 Mass. 9. See *Burt* v. *Municipal Council of Taunton,* 272 Mass. 130, 133. These cases are distinguishable by reason of the difference between the by-law in the first case or the order in the second case, and the by-law in the case at bar. Both decrees were right and are affirmed.

*Ordered accordingly.*