MORTON SCHAFER vs. ZONING AGENT OF BELLINGHAM.

Suffolk.   December 5, 1966. — February 3, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Mandamus. Equity Pleading and Practice, Rehearing. Subdivision Control.*

Where the record on an appeal from an order for judgment dismissing the petition in a mandamus case was insufficient to enable this court to determine a decisive issue, the order was reversed and the case remanded to the trial court for further hearing.   [654]

A certificate by a town clerk under G. L. c. 41, § 81P, that the town's planning board by failure to act was deemed to have determined that approval of a plan under the subdivision control law was not required, was not conclusive of the accuracy of a statement indorsed on the plan by an engineer.   [654]

PETITION for a writ of mandamus filed in the Superior Court on October 15, 1965.

The case was heard by *Moynihan, J.*

*Eugene L. Tougas,* for the petitioner, submitted a brief.

No argument or brief for the respondent.

WILKINS, C.J.   This is a petition for a writ of mandamus to compel the respondent, the officer in charge of issuing building permits in the town of Bellingham, to issue a permit for the construction of a single family residential dwelling on land of the petitioner which is lot 4 on a subdivision plan entitled, "Section No. 1 Schafer Heights Lots For Sale by Robert Schafer Bellingham, Mass. February, 1956," and recorded in the Norfolk registry of deeds on June 8, 1965.

From an order for judgment dismissing the petition, the petitioner appealed pursuant to G. L. c. 213, § 1D (as amended through St. 1957, c. 155).

On October 1, 1965, the petitioner made application for such a permit to the respondent, who denied it "by virtue of" G. L. c. 40A, § 12 (inserted by St. 1954, c. 368, § 2) "as the lot does not comply with the requirements of the zoning by-laws of the town, as to both area and frontage." The

by-law was adopted on December 2, 1960, and became effective on February 20, 1961. Section 7 reads in part: ''No dwelling shall be erected or placed in an agricultural district on a lot containing less than thirty thousand square feet and having a frontage on a public or private street or way of less than one hundred and twenty-five feet.'' The petitioner's lot is in an agricultural district, has an area of 11,902 square feet and a frontage on a public street of 90 feet.

The petitioner claims that his lot need not comply with § 7 because it falls within an exception in that section: ''Nothing contained in this section shall be construed to prevent the erection, restoration, or placing of a building on a lot of less than minimum requirements subject to the following provisions: 1. Such lot is separately owned and was established by the recording of an instrument or plan in the Registry of Deeds for Norfolk County prior to the adoption of this by-law, or such lot is part of a subdivision plan which received the approval of the planning board prior to the adoption of this by-law. 2. Such building complies with setback and coverage requirements whenever possible.''

There was no such recording of an instrument or plan prior to the adoption of the zoning by-law. The petitioner contends that lot 4 was exempt from the frontage and area requirements because it was part of a subdivision plan which received the approval of the planning board prior to the adoption of the by-law.

On this point the judge in his findings of fact and rulings of law stated the following: ''On December 29, 1964, the petitioner filed with the planning board a subdivision plan of lots, including lot 4, with the request that the plan be endorsed by the board to the effect that approval under the subdivision control law was not required. The board did not so endorse the plan but failed to act on the plan submitted within fourteen days after its submission.'' On June 7, 1965, the town clerk issued a certificate pursuant to G. L. c. 41, § 81P (as amended through St. 1963, c. 363,

§ 1), stating that because of the planning board's failure to act "it shall be deemed to have determined that approval under the subdivision control law is not required." This certificate was recorded on June 8, 1965, in the Norfolk registry of deeds. The plan filed on December 29, 1964, recited: "Note: — This plan is a true copy of a plan of same title submitted to the planning board of the town of Bellingham for its approval received in December, 1956 under the provisions" of G. L. c. 41, § 81U (as amended through St. 1964, c. 105, § 2). This note was written by the engineer who made the copy. "I find that this note is not an accurate statement. I find that the plan is not a true copy of an earlier plan submitted to the board. I further find that the planning board did not approve an earlier subdivision plan of the same area. I rule that the certificate issued by the town clerk does not have the legal effect of making incontrovertible the statements contained in the said note. Cf. *Goldman* v. *Planning Board of Burlington,* 347 Mass. 320. I find and rule, therefore, that lot 4 was not part of a subdivision plan which received the approval of the planning board before the adoption of the zoning by-law."

"[O]n the basis of the findings above set forth," the judge ruled that the petitioner was not entitled to the permit.

An appeal under c. 213, § 1D, as amended, from an order decisive of the issues in a petition for a writ of mandamus is subject to the practice in equity. *Rothenberg* v. *Boston Housing Authy.* 335 Mass. 597, 599, and cases cited. *Murtagh* v. *Registrars of Voters of Peabody,* 340 Mass. 737, 738. The order of dismissal being based on the findings, it would be our duty in the usual case to determine whether that conclusion is justified on those findings subject to their being supported by the reported evidence. *Gordon* v. *O'Brien,* 320 Mass. 739, 740. *McAndrew* v. *Quirk,* 329 Mass. 423, 425.

In the present case, however, what we should do is not so clear. At the outset we are confronted by a contention of the petitioner that there is no evidence on which the judge could find that the note on the plan is not an accurate statement or that the plan is not a true copy of an earlier plan.

Neither the respondent nor the town has troubled to assist us in our determination. On the reported evidence, if there is anything even remotely material to this matter, it is found in the petitioner's own testimony. No one testified with firsthand knowledge on the subject. The judge could have refused to accept the note on the plan written by the engineer as, on its face, nothing but hearsay and lacking conviction. The language of the finding that the note is not accurate and the plan not a true copy of an earlier plan suggests that the finding was not based on mere failure of proof but perhaps had been refuted by other evidence. This part of the record is not full enough to enable us to do justice between the parties. We are constrained to recommit the case for more definite information. *Watkins* v. *Simplex Time Recorder Co.* 316 Mass. 217, 224–225. *Smith* v. *Commonwealth,* 331 Mass. 585, 593–594. *Lawless* v. *Melone,* 350 Mass. 440, 446–447.

The judge correctly ruled that the town clerk's certificate was not conclusive as to the statements made in the note placed on the plan by the engineer. At a further hearing there should be, if possible, firsthand testimony on the issue of the filing of the earlier plan, not only from the engineer and whoever is claimed to have filed it, but also from the planning board itself.

To make it possible to do as we have hereinbefore ordered, the order is reversed, and the case recommitted to the Superior Court to be further heard.

*So ordered.*