354 Mass. 74 (1968)
235 N.E.2d 550
ALBERT J. DURAND, JR., & others
vs.
SUPERINTENDENT OF PUBLIC BUILDINGS OF FALL RIVER & another.
Supreme Judicial Court of Massachusetts, Bristol.
January 5, 1968.
March 28, 1968.
Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.
John T. Farrell (William A. Torphy with him) for the intervener Roman Catholic Bishop of Fall River; William F. Long, Jr., for the petitioners, also with him.
Richard C. Levin, Special Corporation Counsel, for the respondents (Daniel A. Sullivan, for the intervener John J. Clorite, with him).
REARDON, J.
The petitioners seek a writ of mandamus directing the superintendent of public buildings of Fall River *75 to enforce the zoning ordinances of that city as they existed prior to an alleged amendment of May 24, 1966, and ordering the respondent city clerk to strike the amendment from the record of ordinances of the city. A judge of the Superior Court made findings of fact and rulings of law and dismissed the petition. The petitioners and an intervener appealed but later withdrew their appeals upon a report by the judge for the purpose of "determination of the legality of ... [the] amendment of the Zoning Ordinances, dated May 24, 1966...."
On May 24, 1966, the city council of Fall River adopted an ordinance changing the zoning classification of a twelve and one-half acre parcel of the land (locus) from single family residence to local business. The locus is close to a traffic circle and one portion of it is occupied by a restaurant with parking facilities for thirty cars. It is bounded on one side by land of the Roman Catholic Bishop of Fall River, an intervener, upon which exists a high school recently constructed. It is situated in an area which otherwise is entirely residential although the locus itself has never been so developed. There was testimony from the city planner which indicated that designating the locus for business was designed to lessen traffic congestion in the area, that the planning board had recommended that the area be zoned for local business, and that hearings on this recommendation were held before the planning board and the city council. It appears that after the public hearing before the planning board, and upon recommendation of that board, the city council passed the ordinance in question through its first reading on April 12, 1966, and referred it to the city council committee on ordinances. On May 24, 1966, the committee unanimously recommended that the ordinance be given a second reading, passed and enrolled. The city council, later that evening, accepted and acted upon that recommendation. The council records disclose a report from the committee stating that "they have examined said ordinance and found said ordinance truly and properly enrolled," although the council records do not show that the committee ever *76 met as such to consider the enrolled ordinance after it was passed by the council. However, the members of the committee, who were also members of the council, were assembled at the time "as part of the Common Council." The evidence indicated that it was "customary for the members of the Committee on Ordinance after passage to be enrolled ... to note their assent on the particular form."
1. The judge found that the adoption of the ordinance was not in compliance with ordinances governing adoption in that the proposed amendment was not submitted to the corporation counsel for examination and approval as to form and legal character as they directed, because it was not submitted to the city council committee on ordinances before consideration by the council, and because, contrary to an ordinance, a report was received from a committee which had not actually assembled. He further found, however, that "[t]he failure of the City Council to follow in every detail the procedures prescribed by the Revised Ordinances of the City of Fall River for enacting Zoning Ordinances in no way affected the substantive rights of the petitioners" and that "it was in the province of the City Council to waive such procedural steps either directly or indirectly." While the petitioners and the intervener offer strong argument that the council could not "with impunity, ignore their own ordinance enactments where precious private rights of the public are involved," we are of opinion that no such rights were jeopardized and that the amendment was not vitiated by the failure of the council to follow faithfully those procedures which by ordinance it had set for itself in the circumstances. It suffices that a hearing consonant with the requirements of G.L.c. 40A was held by the planning board prior to its recommendation to the council. Those parties having an interest in the zoning change thus had an opportunity to appear and state their views. See Woods v. Newton, 351 Mass. 98, 100-102. Nothing in the record demonstrates a departure from the procedures required by the enabling act.
It lay within the province of the city council to waive its *77 rules in this instance. Sinclair v. Mayor of Fall River, 198 Mass. 248, 256. Byfield v. Newton, 247 Mass. 46, 55. See Coleman v. Louison, 296 Mass. 210, 213; Young v. Westport, 302 Mass. 597. The case of Kitty v. Springfield, 343 Mass. 321, cited to us and relied on by the petitioners, is not applicable. In that case the city council attempted to reconsider a zoning amendment which it had defeated two weeks earlier. The reconsideration was not only in contravention of the council's rules of procedure but also undercut the procedures required by G.L.c. 40A, §§ 6, 7 and 8, for the enactment of a zoning amendment.
2. It is argued that the amendment of May 24, 1966, exceeded the authority of the city council and was invalid. We cannot agree. It was evident from the testimony of the city planner and from the report of the planning board which was in evidence that the public welfare would be promoted by the zoning change. Reference was made to congested traffic conditions which would be eased by off street parking on the locus and to the convenience which a change would afford to the residential area in proximity to the locus. There was also evidence that the change in zoning would encourage the most appropriate use of land in the city, that a number of nonresidential structures and activities existed or were planned for the area, and that a master plan for the city existed which designated the locus as a proposed business area. The rationale supporting the action of the city council is adequately and amply expressed in Lanner v. Board of Appeal of Tewksbury, 348 Mass. 220, at pages 228 and 229. Reference is made to that opinion, as well as to Rousseau v. Building Inspector of Framingham, 349 Mass. 31, 35, and Peters v. Westfield, 353 Mass. 635. This is not a case of spot zoning. Those opinions and the cases cited therein adequately and without further discussion set forth the reasons why in our view the action of the city council of Fall River taken on May 24, 1966, cannot be deemed to be invalid.
Petition dismissed.