RALPH I. HALLENBORG & others *vs.* TOWN CLERK
OF BILLERICA & another.

Middlesex.    October 6, 1971. — November 22, 1971.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & HENNESSEY, JJ.

*Zoning*, Hearing by planning board, Validity, Apartment house. *Notice.*
*Mandamus.*

A mandamus petition to strike a zoning by-law amendment authoriz-
ing the construction of apartment houses and to revoke building
permits issued pursuant to the amendment was improperly
dismissed where the notice given by the planning board, a tribunal
with power only to recommend amendments to the town, was
defective by one day under G. L. c. 40A, § 6, which requires "not
less than fourteen days notice," but, since there was substantial
compliance with the statute, no intentional failure to comply, no
substantial prejudice to the petitioners, and great cost to persons
who relied upon the amendment as published, upon remand to the
Superior Court the writ was not to issue until sufficient time had
elapsed to permit the adoption of the amendment with full
statutory notice, or an amendment to protect those who had relied
upon the amendment as published, or other relief. |515–520|
A sentence in a zoning by-law amendment stating that "|t|he Building
Code shall be amended to be consistent herewith" was merely
suggestive and not designed to be in itself a means of amending the
building code. |520|
A town planning board's brief report was sufficient to constitute a
recommendation to the town under G. L. c. 40A, § 6. |520–521|
A zoning provision restricting apartments to three rooms; a kitchen
and bath was within the limit of proper zoning objectives and did
not conflict with G. L. c. 40B, §§ 20–23, relating to low and moderate
income housing. |521|
Zoning requirements that applicants for apartment house construc-
tion permits submit a site plan to the planning board, and that no
permit be granted without a hearing before the board, were not an
improper delegation of power to the board where such require-
ments were merely to ascertain that the applicants had complied
with the by-laws. |521|

PETITION for a writ of mandamus filed in Superior Court
on October 20, 1969.

The case was heard by *Good,* J.

*Frederick J. Conroy* for the petitioners.

*Richard K. Donahue* for the interveners Content Homes, Inc. & others.

*Edward J. Owens,* Town Counsel, for the respondents, submitted a brief.

*Joseph P. Collins,* for the Board of Selectmen of Billerica, amicus curiae, submitted a brief.

CUTTER, J.   Residents and taxpayers of Billerica on October 20, 1969, filed this petition for a writ of mandamus (a) to compel the town clerk to strike from the town zoning by-law a certain amendment (permitting apartment houses in Billerica) adopted on March 29, 1969, and (b) to order the town inspector of buildings to enforce the zoning by-law as it existed prior to March 29, 1969, and to revoke all building permits for apartment houses.   Certain holders of building permits for apartment houses, granted under the 1969 amendment, have intervened.   A Superior Court judge "concluded that this is not a proper case for mandamus," declined to issue the writ, and ordered the petition dismissed.   The petitioners appealed from a final judgment dismissing it.   The case is before us on the pleadings and the judge's findings.

The disputed portion of the zoning by-law is § 5.8, Apartments.   The section need not be quoted.[1]   In sequence, the events leading to the town's vote at its adjourned annual town meeting on March 29, 1969, are summarized below.

The proposed zoning law amendment was advertised for hearing before the planning board on Tuesday, February 25, 1969, at 10 P.M.   The advertisements appeared in a local newspaper in the editions of Thursday, February 13, and Thursday, February 20, 1969, each actually published and

---

[1] In general, § 5.8 provides that apartments may be constructed in specified zoning districts, defines area requirements (§ 5.801), lot coverage restrictions (§ 5.802), minimum setbacks (§ 5.803), height restrictions (§ 5.804), construction safeguards (§ 5.805), and sewerage requirements (§5.806). It also (§ 5.807), directs that the planning board shall be furnished for each project a site plan containing specified information.

available on the street on the next prior day.[2]  As a consequence, there were only thirteen days between the first actual publication and the day of the hearing.

The findings show that at the hearing "there was a full and open discussion of the subject matter of apartments." The meeting was "well attended" and fifteen speakers addressed the board.  Five persons "registered" in favor of the amendment, with none opposed.  On March 22, 1969, the planning board submitted a written report recommending the amendment.

The planning board's report was taken up at the annual town meeting (in connection with art. 68 of the warrant) and the amendment (§ 5.8) was adopted.  The Attorney General approved the amendment on May 21, 1969, and it was published.  G. L. c. 40, § 32 (as amended through St. 1967, c. 308).

Thereafter one intervener in 1969 applied for, and received, building permits for the erection of 265 apartments to be contained in seventeen buildings.  In reliance on these permits, there has been an expenditure of about $500,000 and a loan commitment of more than $1,000,000.  Other intervening permit holders have spent substantial amounts in proceeding under their permits.

1. The principal question presented is whether the by-law

---

[2] General Laws c. 40A, § 6 (as amended through St. 1968, c. 194), reads (emphasis supplied) in part: "Zoning . . . by-laws may . . . from time to time be changed by amendment . . . but only in the manner hereinafter provided.  No zoning . . . by-law originally establishing the boundaries of the districts or the regulations and restrictions to be enforced therein, and no such . . . by-law changing the same as aforesaid, *shall be adopted until after the planning board, if any, . . . has held a public hearing thereon, first causing notice of* the time and place of *such hearing* and of the subject matter, sufficient for identification, *to be published in a newspaper of general circulation in the . . . town* once in each of two successive weeks, the first publication being *not less than fourteen days before* the day of *such hearing* or if there is no such newspaper . . . then by posting such notice in a conspicuous place in the . . . town hall for a period of not less than fourteen days before the day of such hearing, and has submitted a final report with recommendations to the . . . town meeting, or until twenty days shall have elapsed after such hearing without the submission of such report; provided, [proviso and balance of section not pertinent] . . . ." Section 18 of the town's zoning by-law provides that notice by publication shall occur at least ten days prior to any hearing by the planning board with reference to any proposed amendments. Section 6 of the statute and § 18 of the by-law plainly are not consistent.

amendment was rendered invalid by the defect in the notice of the planning board hearing which complied with the ten-day requirement in § 18 of the zoning by-law (fn. 2) "but was in fact one day less than" the fourteen days called for by G. L. c. 40A, § 6. The judge distinguished the notice requirements of § 6 from those governing special permit and similar adjudicatory-type, administrative hearings before a board of appeals (see c. 40A, §§ 4, 17, as amended). See *Lane* v. *Selectmen of Great Barrington,* 352 Mass. 523, 526. Cf. *Moore* v. *Cataldo,* 356 Mass. 325, 326–327. He ruled that the purpose of the hearing required by c. 40A, § 6, was different, viz. "that there be a hearing by the [p]lanning [b]oard, with adequate notice to the public so they may attend and present their views, culminating in a report by the [b]oard, to the [t]own [m]eeting, of its recommendations. In the instant case . . . the first notice . . . [occurred thirteen] days before the hearing; the public attended and no objections to Article 68 were noted. The [b] oard's [r]eport was filed and its conclusion was stated . . . . Therefore . . . the basic and predominant purpose of the statute was complied with even though the" first publication appeared too late to comply with § 6. He noted that "on January 28, 1969, there was posted in the [t]own [c]lerk's office a notice of the [p]lanning [b]oard meeting of February 25, 1969,[3] and [that] this same matter had been presented in 1968, and the [p]lanning [b]oard had acted adversely thereon at that time." He went on to say, "The function of the [p]lanning [b]oard is strictly advisory and the [t]own may, in any event, disregard the viewpoint of the . . . [b]oard and act in a manner contrary to what the [b]oard might suggest . . . ."[4]

---

[3] This notice stated that the meeting was to be at 8 P.M. whereas the newspaper notice set the time at 10 P.M.

[4] The judge also invited attention to the circumstance that "when the building permits were issued, no appeals were undertaken by the petitioners or anyone else." See G. L. c. 40A, § 13 (as amended through St. 1963, c. 207, § 1). Cf. *Bearce* v. *Zoning Bd. of Appeals of Brockton,* 351 Mass. 316, 319–320. Cf. also Ryckman, Judicial and Administrative Review in Massachusetts Zoning and Subdivision Control Cases, 52 Mass. L. Q. (No. 4) 297, 311–314. Obviously, the possibility of prejudice to the interveners (from

Ordinarily in the enactment and amendment of ordinances and by-laws, fairly strict compliance by local legislative bodies with prescribed statutory procedures is treated as mandatory. See Rhyne, Municipal Law, § 9–3; McQuillin, Municipal Corporations (1969 rev.) § 21.04; Rathkopf, Zoning and Planning, p. 8–6; Yokley, Zoning Law and Practice (3d ed. and 1971 Supp.) § 5–6. See also *Kitty* v. *Springfield*, 343 Mass. 321, 324–327; *Gricus* v. *Superintendent & Inspector of Bldgs. of Cambridge*, 345 Mass. 687, 690–691; *Treat* v. *Town Plan & Zoning Commn. of Orange*, 145 Conn. 136, 139. The principle is not inflexible, however, and a court, in appraising the legal effect of insubstantial noncompliance with procedural details, must consider whether strict compliance is mandatory or only directory (cf. *Liberty Mut. Ins. Co.* v. *Acting Commnr. of Ins.* 265 Mass. 23, 28–29; *Poremba* v. *Springfield*, 354 Mass. 432, 436–437), and whether an asserted minor noncompliance in fact is significantly inconsistent with, or prejudicial to, the apparent legislative objectives of the prescribed procedures. See discussion and cases cited in Anderson, Am. Law of Zoning, §§ 4.31–4.32; McQuillin, Municipal Corporations (1965 rev.) § 25.249; *Id.* § 25.67a.

In the judge's findings, there is no suggestion of any intentional failure to give the full notice required by c. 40A, § 6. Indeed, he points out the likelihood that "everyone in the town, officials and citizens alike, either ignored or were unaware of" the fourteen-day requirement of § 6. Particularly is this likely in view of the existence of the improperly shorter notice requirement (fn. 2) of the town's zoning by-law, with which there was compliance. No findings suggest any substantial prejudice to any petitioner because of the one-day reduction of the length of notice.

The interveners contend that a proper rule to apply would

any setting aside of the permits) could have been avoided if prompt appeals (from the granting of permits) by the petitioners had been permissible under § 13 before there had been reliance on the permits. This circumstance suggests that there may be practical advantages in allowing the validity of a zoning amendment to be raised under c. 40A, §§ 13 and 21, as well as by mandamus.

be to require that "notice requirements . . . be strictly enforced" with respect to "a decision-making tribunal, such as a board of appeals . . . but . . . only upon a showing of substantial prejudice" with respect to "notice . . . of a hearing before a tribunal which can [only] recommend but cannot decide." Some such sensible rule appears to have been applied prior to the 1954 revision (St. 1954, c. 368). See *Lexington* v. *Bean*, 272 Mass. 547, 550–551. See also *Burlington* v. *Dunn*, 318 Mass. 216, 217–219 (where because the "planning board could finally settle nothing," a requirement of "due notice" of the hearing before that board was interpreted in the light of the circumstance that "[a]ny person interested could present his views to the town meeting later"); *Shannon* v. *Building Inspector of Woburn*, 328 Mass. 633, 634–635 (requirement as to contents of planning board report flexibly interpreted).

We recognize that the precise terms about notice in c. 40A, § 6, may affect the principle discussed in the cases just cited. Nevertheless, some flexibility, and the employment of equitable principles in applying c. 40A, § 6, may be necessary with respect to notice of purely advisory proceedings before a town planning board on zoning by-law amendments. Considerations of fairness, and some of the reasoning of the decisions just cited, suggest that amendments of zoning by-laws or ordinances ought not to be set aside lightly as invalid because of trivial procedural defects in their adoption, (a) at the behest of persons who have not shown themselves to be prejudiced significantly by the procedural deficiencies, and (b) at a very great or disproportionate cost to other persons who have relied in good faith upon the by-law as adopted and published.[5]

---

[5] The desirability of finality and certainty concerning the validity of local zoning provisions has led the reporters for the American Law Institute's Model Land Development Code (Tentative Draft No. 3, April 22, 1971) § 9–106 (3), to propose a strict and very short time limit upon asserting an "alleged defect in the process of adoption of . . . [an] ordinance." This proposal is consistent with a very common and not unreasonable practice of lawyers and others interested in land matters to rely upon published zoning by-laws and ordinances (and, indeed, other ordinances) without making any detailed investigation of the proceedings by which they were adopted.

Mandamus is to some extent a discretionary remedy. In granting the writ, equitable principles concerning discretionary relief may be taken into account. See *Village on the Hill, Inc.* v. *Massachusetts Turnpike Authy.* 348 Mass. 107, 119, cert. den. 380 U. S. 955; *O'Donnell* v. *Board of Appeals of Billerica,* 349 Mass. 324, 328. See also *J. H. Wentworth Co.* v. *French,* 176 Mass. 442, 445; *Hill* v. *Mayor of Boston,* 193 Mass. 569, 574; *Schafer* v. *Zoning Agent of Bellingham,* 351 Mass. 651, 653.[6] On the present record, every equitable consideration requires treating the by-law amendment as valid, at least as applied to the interveners, permit holders who have changed position in reliance upon the by-law as having been properly adopted, particularly where the record, as already noted, gives not the slightest indication of prejudice to any petitioner or to any other person arising from the minor defect in publishing the statutory notice. Even a landowner, who had intended to object at the planning board hearing, still could have had opportunity to object and be heard at the town meeting in opposition to the proposed amendment and to the planning board's purely advisory report on it. Cf. *Durand* v. *Superintendent of Pub. Bldgs. of Fall River,* 354 Mass. 74, 76–77 (where in a city there was compliance with c. 40A, § 6, but not with requirements of the city itself with respect to zoning amendments).

There are limits, however, upon the extent to which there is discretion completely to deny relief by mandamus, where the petitioner attempts to assert a public right (see *Brady* v. *Board of Appeals of Westport,* 348 Mass. 515, 518–519), and is without other remedy. See *Cullen* v. *Building Inspector of No. Attleborough,* 353 Mass. 671, 678.[7] We think, as in the

---

[6] Even in zoning matters, equitable considerations may affect the character of the relief granted and, in appropriate instances, may lead to the denial or conditioning of mandatory relief. See *Chilson* v. *Zoning Bd. of Appeal of Attleboro,* 344 Mass. 406, 409–410; *Marblehead* v. *Deery,* 356 Mass. 532, 537–538. Cf. *Dresser* v. *Inspector of Bldgs. of Southbridge,* 348 Mass. 729, 731. Cf.. also *Kay-Vee Realty Co. Inc.* v. *Town Clerk of Ludlow,* 355 Mass. 165, 169–170.

[7] See also *Cumberland Farms of Conn. Inc.* v. *Zoning Bd. of Appeal of No. Attleborough,* 359 Mass. 68, 71–72.

*Village on the Hill, Inc.* case, 348 Mass. 107, 119, that relief by mandamus here ought to be delayed long enough to permit either adoption of the by-law amendment with full compliance with c. 40A, § 6, or an amendment to protect persons who in good faith have relied on the amendment as properly adopted, or to give time for whatever other relief, administrative or otherwise, is available to the interveners. Accordingly, although relief will not be denied to the petitioners at this time and on this record, the writ, in any event, is not to issue before the expiration of nine months after the rescript in this case is received in the Superior Court, and further stays of issuance of the writ may be granted in the discretion of the Superior Court if further time is needed to correct the consequences of the defect in notice. To permit further appropriate proceedings in that court on this phase of the case and the receipt of further evidence in the discretion of the Superior Court and further consideration by that court, the judgment is to be reversed. The equitable considerations already discussed, of course, will necessarily be taken into account appropriately when and if the writ is issued and enforcement proceedings in equity are attempted under G. L. c. 40A, § 22 (as amended through St. 1970, c. 678, § 1). We discuss briefly, however, certain matters argued which in further proceedings should be treated as now decided.

2. The 1969 zoning amendment included a sentence stating, "The Building Code shall be amended to be consistent herewith." We think the judge correctly ruled that this sentence (which, with § 5.805 to which it was added, is clearly separable from the balance of the amendment) was "merely suggestive" and was not designed (see *Enos* v. *Brockton*, 354 Mass. 278, 280–282) to be in itself a "means of amending the building code." If the provisions of § 5.805 are thought to be necessary, their adoption more appropriately should be accomplished by other authorized town action.

3. The planning board's report, although brief, was sufficient as a recommendation under c. 40A, § 6. See

*Shannon* v. *Building Inspector of Woburn*, 328 Mass. 633, 635.

4. We perceive nothing beyond the limits of proper zoning objectives in a provision of the amendment restricting apartments to three rooms, a kitchen, and a bath. This, as the judge ruled, is a size description, which cannot be said, as matter of law, to be unreasonable. If that provision has any effect upon the "density of population" in, or the "use" of, apartment buildings, those matters constitute appropriate considerations in the framing of zoning by-laws. See G. L. c. 40A, § 2 (as amended through St. 1959, c. 607, § 1), and § 3 (inserted by St. 1954, c. 368, § 2). We perceive no necessary conflict between the provision and G. L. c. 40B, §§ 20–23 (inserted by St. 1969, c. 774, § 1).

5. In requiring (§ 5.808) that no permit for apartment house construction be granted without a planning board hearing (and in requiring under § 5.807 that the applicant for a permit file a site plan), there was no improper delegation of legislative power to the planning board. The purpose of §§ 5.807 and 5.808 plainly was merely to ascertain that the applicant had complied with the pertinent by-law provisions. See *Richardson* v. *Zoning Bd. of Appeals of Framingham*, 351 Mass. 375, 379–381. See also *Y. D. Dugout, Inc.* v. *Board of Appeals of Canton*, 357 Mass. 25, 29–31.

6. The judgment is reversed and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*